BOWEN, Presiding Judge,
dissenting.
I respectfully but strongly dissent from the majority’s holding that an otherwise valid search is rendered invalid when the issuing magistrate failed to require the signature of the affiant on the affidavit in support of the search warrant in compliance with Alabama Code Section 15-5-4 (1975). Granted, the affidavit did not comply with the' formal requirements of the statute. However, the fact that the affidavit was not signed does not violate any constitutional right of the appellant. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), holds that evidence seized in violation of a defendant’s fourth amendment rights must be excluded from a state criminal trial.
The real issue in this case is whether the information contained in the unsigned affidavit is true and whether the affidavit would have supported a finding of probable cause if it had been signed. If both these questions are answered in the affirmative then the search warrant was based on a finding of probable cause and the appellant’s rights have not been violated.
The majority opinion does nothing to further the two distinct purposes of the exclusionary rule for it neither preserves the integrity of the judicial fact finding process nor will it deter official misconduct by the police. Mapp, supra; Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). Here, the deputy shouldered his fourth amendment responsibility seriously and in fact obtained a search warrant. Of what constitutional significance is it that the officer merely forgot to sign the affidavit? If the facts existed as stated in the affidavit, and if those facts do provide probable cause, this appellant’s conviction should not be reversed because someone forgot to sign on the dotted line. I would remand for a hearing to determine the answers to these questions.